# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00234-MR-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BRYAN M. LONON. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 180], which the Court construes as a motion to remit or modify the order of restitution set forth in the Judgment.

## I. PROCEDURAL BACKGROUND

On August 1, 2005, the Defendant was charged along with six co-defendants with conspiracy to manufacture and possess with intent to distribute at least 500 grams of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. [Doc. 1]. The Defendant pled guilty to this charge without the benefit of a plea agreement on November 8, 2005. [Doc. 112].

On June 27, 2006, the Defendant was sentenced to 136 months' imprisonment and ordered to pay $8,688.08 in restitution to the Drug

Enforcement Administration for the cost of cleaning up the sites used by the Defendant and his co-defendants during the conspiracy for the manufacture of methamphetamine. [Doc. 162]. The Defendant was found to be jointly and severally liable with various co-defendants for the total amount of restitution. [Id. at 6]. The Defendant was ordered to begin payment of the criminal monetary penalties immediately. [Id. at 5].

The Defendant did not appeal the Court's Judgment. Instead, over seven years later, the Defendant moves the Court to revoke or modify the restitution order set forth in the Judgment. Specifically, he complains that at the rate of payment he is making, he will pay approximately 80% of the total restitution amount, while his co-defendants will pay only approximately 20%. He therefore asks the Court "to suspend or drastically reduce the percentage of garnishment so that I may save a little money to re-enter society in order to get my life started again." [Doc. 180 at 1].

## II. ANALYSIS

The Court "cannot remit a mandatorily imposed restitution order." United States v. Roper, 462 F.3d 336, 339 (4th Cir. 2006); United States v. Wood, No. 5:05-CR-44-2BO, 2013 WL 1222685, at *1 (E.D.N.C. Mar. 25, 2013) ("District courts may relax the restitution payment schedule and may apportion restitution among co-defendants at the time of sentencing, but

2

once judgment has been entered against the defendant the Court may not modify or cancel the total amount of restitution."). Thus, the Court cannot modify the amount of restitution previously ordered.

To the extent that the Defendant requests a modification of the payment schedule, this request must be denied. The Court may adjust a defendant's payment schedule upon receipt of notification that there has been a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). No such "material change" has been identified here.

Finally, to the extent that the Defendant's motion can be construed as a request to defer or modify the restitution payments made through the Inmate Financial Responsibility Program (IFRP), the Defendant's request also must be denied. Before seeking relief from any court regarding obligations under the IFRP, a defendant must exhaust all administrative remedies through the Bureau of Prisons. McGhee v. Clark, 166 F.3d 884, 887 (7th Cir. 1999). Once all administrative remedies have been exhausted, a defendant may challenge such payments only by filing the appropriate pleading in the district court located in the district of confinement, not the sentencing court. See Moore v. Olson, 368 F.3d 757,

759 (7th Cir. 2004); Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 180], which the Court construes as a motion to remit or modify the order of restitution set forth in the Judgment, is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 17, 2014

Martin Reidinger
United States District Judge